```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ALABAMA
                             SOUTHERN DIVISION
```

EMERY CHUCK PIPER,            }
                              }
     Plaintiff,                }
                              }        CIVIL ACTION NO.
v.                            }
                              }        99-AR-2715-S
KELLER LADDERS, INC., *et al.*, }
                              }
     Defendants.               }
                              }

FILED 01 FEB -6 AM 8:43  U.S. DISTRICT COURT  N.D. OF ALABAMA

ENTERED FEB -6 2001

## **MEMORANDUM OPINION**

On December 2, 1999, this court entered an order establishing the schedule of events in the above-entitled case. In accordance with this court's invariable practice, that order provided that all motions based on *Daubert* (i.e., challenges to the right of a proffered expert witness to share his opinion with the jury) be filed prior to the pre-trial conference. The obvious purpose of this requirement is to make sure that the gatekeeper obligation can be discharged well before trial.

As the case progressed toward trial under the said schedule, it became obvious that defendants had substantial objections to plaintiff's proffered expert witness, John Morris ("Morris"). On December 18, 2000, two days before the final pre-trial conference, defendants filed their anticipated motion to preclude the testimony of Morris. Defendants had earlier filed a motion to strike Morris's written report, challenging it in several respects. At

1



the pre-trial conference on December 20, 2000, the *Daubert* issue was discussed, including defendants' pending but unruled on motion strike the Morris report, and the parties were told that the court would somehow find a date for a *Daubert* hearing well before trial. The case was set for jury trial on April 23, 2001. It is the only case set for trial on that date. On December 21, 2000, the court entered its order setting defendants' motion *in limine* to bar Morris's testimony "for an **evidentiary** *Daubert* hearing at 9:00 a.m. on February 2, 2001". (emphasis supplied).

When court was called to order on February 2, 2001, at 9:00 a.m., new counsel appeared for plaintiff for the first time. He was not among those counsel designated as counsel for plaintiff in the pre-trial order. That order named only Steve Couch as trial counsel. On January 31, 2001, Steve Couch moved for leave to withdraw, stating that L. Andrew Hollis, Jr. of the firm of Pittman, Hooks, Dutton & Hollis, P.C. would be plaintiff's trial counsel. On February 1, 2001, the court granted Mr. Couch's motion. The court was not asked to continue the *Daubert* hearing and did not do so. On February 2, 2001, the witness, Morris, was not present, and no deposition or affidavit from Morris was presented in lieu of his live, sworn testimony. The court was visibly upset.

It is impossible for any court adequately to discharge its gatekeeping function under *Daubert* without being afforded the

2

opportunity to examine the proffered expert under oath. Perhaps there are courts who would undertake such a crucial and daunting task based on depositions, exhibits, affidavits, and the like, but this court has never done so and does not believe that such a procedure is appropriate, certainly without an agreement by all affected parties and a waiver of the right to appeal from any ruling on the *in limine* motion. Even if this court were willing to evaluate a prospective expert witness *in absentia*, the court would certainly have to have his sworn testimony by deposition and by proof that qualifies under the Rules of Evidence and that covers the subject matter of a *Daubert* inquiry. In this case, all there is before the court is the vague, un-cross-examined and unverified report from Morris. After all, the burden of proof by a preponderance of evidence under *Daubert* is on the party proferring the witness. In *Bourjaily v. U.S.*, 1075 Ct. 2775, 2779 (1987), decided six years before *Daubert*, the Supreme Court said:

> [W]e hold that when the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence.

The fact that the attorney who originally appeared for plaintiff, and who again appeared at the pre-trial conference, withdrew two days before the *Daubert* hearing may explain an awkward situation, but this fact does not alter the more important fact that this court arranged to fit in a *Daubert* hearing in on February 2, 2001, and scheduled the jury trial on April 23, 2001, without

3

promising to rearrange its docket to accommodate an unexpected absence of the expert witness at the *Daubert* hearing. With no real evidence to go on, this court finds defendants' motion in limine well taken, and will grant it by separate order.

If plaintiff wants this court to certify the accompanying order for interlocutory review pursuant to 28 U.S.C. §1292(b), and makes such a request within fourteen (14) days, this court will grant that request and will continue the trial, pending a response from the Eleventh Circuit. Otherwise, the trial now scheduling for April 23, 2001, will proceed without Morris as a witness for plaintiff.

DONE this 6th day of February, 2001.

                                         /s/ William M. Acker
                                         _____
                                         WILLIAM M. ACKER, JR.
                                         UNITED STATES DISTRICT JUDGE

4