IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERY CHUCK PIPER, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 99-AR-2715-S |
| KELLER LADDERS, INC., *et al.*, } | |
| } | |
| Defendants. } | |

**ENTERED**
**JUN - 8 2001**

## MEMORANDUM OPINION

Before the court is the motion by defendants, Keller Ladders, Inc. ("Keller") and Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club ("SWC"), for summary judgment. Plaintiff, Emery Chuck Piper ("Piper"), brings this products liability action pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Piper contends that an unreasonably dangerous and defective ladder proximately caused his injuries. For the reasons set forth in the opinion below, defendants' motion will be granted.

### Pertinent and Undisputed Facts

On or about September 10, 1997, Piper purchased the subject ladder at the SWC, located in Irondale, Alabama. On October 11, 1997, while painting his house, Piper was severely injured when the subject ladder, manufactured by Keller, somehow came loose and broke, thereby causing Piper to fall and to sustain injuries.

On December 2, 1999, the court entered an order establishing

a schedule of events.  In accordance with the court's invariable practice, that order provided that all motions based on *Daubert* be filed prior to the pre-trial conference.  As the case progressed toward trial under the said schedule, it became apparent that defendants had substantial objections to plaintiff's proffered expert witness, John Morse ("Morse").

On December 18, 2000, two days before the final pre-trial conference, defendants filed their anticipated motion to preclude the testimony of Morse.  At the pre-trial conference on December 20, 2000, the *Daubert* issue was discussed, including defendants' pending but unruled on motion to strike the Morse report.  On February 2, 2001, the court convened an evidentiary *Daubert* hearing to consider defendants' motion *in limine* to bar Morse's testimony. The witness, Morse, was not present, and no deposition or affidavit from Morse was presented in lieu of his live, sworn testimony.  As a result, the court granted defendants' motion.  In reaching its decision to preclude Morse's testimony at trial, the court stated that, "It is impossible for any court adequately to discharge its gatekeeping function under *Daubert* without being afforded the opportunity to examine the proffered expert under oath."  On February 22, 2001, the court certified the order granting defendants' motion *in limine* for interlocutory review pursuant to 28 U.S.C. §1292(b).  On April 5, 2001, the Eleventh Circuit denied

plaintiff's petition to appeal. On May 21, 2001, defendants filed their motion for summary judgment.

### Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a **genuine** issue of **material** fact, not merely some factual dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511 (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S. Ct. 1575 (1968)).

Defendants' motion for summary judgment should be denied "if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997)(quoting *Carter v. City of Miami*,

3

870 F.2d 578, 581 (11th Cir. 1989)). If, however, as a matter of law, a jury could not return a verdict for plaintiff, defendants' motion must be granted.

## Discussion

In order to establish defendants' liability under the AEMLD, Piper must prove that the subject ladder was defective or unreasonably dangerous, and that the defect or dangerousness proximately caused his injuries. *See Graham v. Sprout-Waldron & Co.*, 657 So.2d 868 (Ala. 1995). Under the AEMLD, Piper must show that the subject ladder was unreasonably dangerous and defect when it was sold. Defendants correctly point out that the doctrine of *res ipsa loquitur* is inapplicable in a product liability case: "[T]he failure of a product does not presuppose the existence of a defect. Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; a defect in the product must be affirmatively shown." *Townsend v. General Motors Corp.*, 642 So.2d 411, 415 (Ala. 1994). As such, expert testimony is essential for Piper to prove by a preponderance of the evidence that a defective condition in the ladder was the cause of its failure and the cause of his injuries. Because the court has precluded Morse, Piper's only expert, there is no way plaintiff can establish that the subject ladder was defective under the AEMLD. Accordingly, there can be no genuine issue as to any material fact,

and defendants are entitled to judgment as a matter of law.

### Conclusion

A separate and appropriate order in conformity with the foregoing opinion will be entered.

DONE this 8th day of June, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE